IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARVIN E. NEWTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-211-H-BV |
| | § | |
| LT MARTINEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On October 7, 2025, pro se Plaintiff Marvin E. Newton filed this 42 U.S.C. § 1983 action along with an application to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 4. Newton has not complied with the Court's orders to file a signed application to proceed IFP on the approved form, so the Court cannot adequately evaluate his financial status. In addition, Newton has not filed a complaint that conforms to Rule 8(a)'s minimum pleading standards. The undersigned therefore **RECOMMENDS** the United States District Judge dismiss this action without prejudice.

**1. Newton has not submitted a sufficient IFP application.**

Newton moved to proceed IFP the same day he filed his complaint. Dkt. Nos. 1, 4. Newton's IFP application consists of a single document wherein he claims that he has "no employment, no income, and lives in poverty with only minimal resources (water $174 monthly)." Dkt. No. 4. The Court determined that (1) his complaint did not satisfy Rule 8(a)'s pleading requirements; and (2) his IFP application was deficient because

Newton "provided [only] minimal information regarding his financial status and failed to submit a signed application on the appropriate form." Dkt. No. 5. The Court therefore ordered him to file an amended complaint and a signed IFP application on the correct form by October 28, 2025. *Id.* Instead of complying, Newton mailed nearly 80 pages of various documents, none of which remedied the issues the Court identified. *See* Dkt. No. 6. In fact, Newton simply re-submitted the same deficient IFP document. *See id.* at 15.[1] The Court then entered a second order to give Newton another opportunity to comply. Dkt. No. 7. Newton again filed the same deficient IFP document. *See* Dkt. No. 8 at 3. He also untimely filed an amended complaint, which still does not meet Rule 8's requirements. Dkt. No. 9.

**2. Newton's case should be dismissed because he has not followed the Court's orders to submit a signed IFP application on the correct form, and his amended complaint does not comply with Rule 8(a).**

Under Federal Rule of Civil Procedure 41(b), a court has inherent authority to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630)).

The Court "may authorize" a plaintiff to proceed "without prepayment of fees," i.e., IFP, in a civil action. 28 U.S.C. § 1915(a)(1). In this Court, a plaintiff must file a

[1] Page citations to Newton's filings refer to the electronic page number assigned by the Court's electronic filing system.

signed application to proceed IFP on form AO 239. *See* N.D. Tex. Loc. Civ. R. 83.6 ("A party desiring to proceed without prepayment of fees or costs must complete the appropriate form and file it with the clerk.").

As of the date of this recommendation, Newton has not submitted a signed IFP application on the correct form despite repeated instructions and warnings from the Court. *See* Dkt. Nos. 5, 7. A plaintiff's failure to follow court orders concerning payment of the filing fee or applying for IFP status is grounds for dismissal of the complaint without prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (affirming dismissal of plaintiff's complaint after he refused to follow district court's orders requiring submission of documents allowing the court to determine whether plaintiff's IFP application had been filed in good faith); *Hodge v. Texas*, No. 3:02-CV-0802-H, 2002 WL 2030868, at *1 (N.D. Tex. Sep. 3, 2002) (dismissing plaintiff's case where he failed to pay the filing fee after one notice of deficiency); *Mendiola v. Doe*, No. 7:16-MC-00432, 2019 WL 359860, at *1 (S.D. Tex. Jan. 10, 2019) ("Plaintiff has not paid his filing fee. Plaintiff's failure to comply with the Court's order and failure to pay the filing fee provides an adequate basis for dismissal without prejudice."), *R. & R. adopted by* 2019 WL 355757 (S.D. Tex. Jan. 29, 2019).

The Court cannot properly evaluate Newton's financial status because he has not supplied adequate information concerning monthly income and expenses. This case has been pending for almost nine months, and despite the Court's two deficiency notices, Newton has not provided the requisite information. *See* Dkt. Nos. 5, 7. It is a "privilege to proceed at the expense of the government[, i.e., the taxpayers] and the district court has

the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987). Considering Newton's noncompliance, the district judge should deny his IFP application, Dkt. No. 4, and dismiss his amended complaint and all claims therein. *See, e.g.*, *Jennings v. United States*, No. 5:21-CV-144-H-BQ, 2021 WL 5339646, at *2, *5 (N.D. Tex. Oct. 28, 2021) (recommending dismissal of claims where plaintiff neither paid the filing fee nor filed a sufficient motion to proceed IFP), *R. & R. adopted by* 2021 WL 5326555 (N.D. Tex. Nov. 16, 2021); *Bekendam v. Texas*, No. 3:21-CV-577-M-BH, 2021 WL 2481890, at *1 (N.D. Tex. May 24, 2021) (recommending dismissal where plaintiff failed to comply with the court's initial notice of deficiency and did not pay the filing fee or submit an IFP application), *R. & R. adopted by* 2021 WL 2477709 (N.D. Tex. June 17, 2021).[2]

Further, the undersigned recommends dismissal even if the statute of limitations may prevent further litigation of Newton's claims. A dismissal without prejudice may, in some circumstances, operate as a dismissal with prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, such a dismissal with prejudice is appropriate where purposeful delay or contumaciousness leads to the failure to obey court orders and where a lesser sanction was successfully employed before dismissal. *Id.* Lesser sanctions may include assessments of fines, costs, dismissal without prejudice, and explicit warnings. *Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982). Here, the Court repeatedly

---

[2] The Court further notes that Newton failed to comply with this Court's orders in another case involving similar instructions, resulting in the dismissal of his complaint. *See Newton v. Crosby Cnty. 72nd Dist. Ct.*, No. 5:22-CV-039-H-BQ, 2022 WL 2068518, at *2 (N.D. Tex. May 12, 2022) (recommending dismissal because Newton failed to pay the filing fee or apply to proceed IFP), *R. & R. adopted by* 2022 WL 2064979 (N.D. Tex. June 8, 2022).

warned Newton that failure to submit a signed IFP application on the correct form would result in a recommendation of dismissal. *See* Dkt. Nos. 5, 7. Newton has received ample opportunity to comply with the Court's orders but refuses to do so. The Court therefore concludes that dismissal is appropriate.

Finally, undersigned concludes that Newton's amended complaint does not comply with Rule 8(a)'s minimum pleading requirements, despite the Court's order directing him to comply. *See* Dkt. No. 5, 7. Newton generally alleges that unidentified persons wronged him over the course of multiple years. Dkt. No. 9. But he does not name or describe those individuals, much less include *facts* providing those individuals with notice of the circumstances giving rise to his claims. *See, e.g.*, *id.* at 1 (alleging that "[m]ultiple law-enforcement officers, CPS personnel, county officials, and other actors" harmed him but failing to include for which agency they work), 2 ("Beginning in 2017, Plaintiff was targeted with fabricated legal filings, including falsified child-support documents and false police reports leading to wrongful arrest and incarceration."); *see also id.* ("While Plaintiff was incarcerated and afterward, his home, business property, and virtual/online property were stolen or destroyed.").

"[A] complaint, which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (internal quotation marks and citation omitted). Despite advising Newton in two orders that he needed to file an amended complaint that meets Rule 8(a)'s minimal standard, Newton's filing does not have "enough heft to show that [he] . . . is entitled to relief." *Payton v.*

*United States*, 550 F. App'x 194, 195 (5th Cir. 2013) (per curiam) (alterations and internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also* Dkt. No. 12 at 4–5 (observing in connection with consideration of Newton's request for injunctive relief that some of his claims appear time-barred, while others are severely lacking in factual sufficiency). Thus, in addition to failing to submit the necessary financial information, Newton has also failed to comply with Rule 8(a) as directed by this Court.

**3. The undersigned recommends dismissal without prejudice.**

Because Newton has not complied with court orders and has not demonstrated that he is entitled to pauper status, the undersigned **RECOMMENDS** that the United States District Judge deny Newton's application to proceed IFP and dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b). Further, considering this recommendation, the undersigned **RECOMMENDS** the district judge deny as moot Newton's pending motion for appointment of counsel. Dkt. No. 10.

**4. Newton has the right to object.**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED** on July 6, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**